IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARBARA HUTT, | : |
| Plaintiff, | : |
| v. | : Civ. No. 21-1793-CFC |
| FORTUNOFF BACKYARD STORE, | : |
| Defendant. | : |

### MEMORANDUM ORDER

At Wilmington on this 22nd day of May in 2023;

On May 2, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1, because she had taken no action since November 22, 2022. (D.I. 13) Plaintiff responded and indicated that she contacted the Clerk's office approximately a month ago, and she was informed that Clerk's office employees could not give her legal advice but that her case was pending and that she should give Defendant time to respond. (D.I. 14) Plaintiff has therefore shown cause why the case should not be dismissed at this time.

The Court notes, however, that Defendant appears to have been served on February 14, 2023, by the United States Marshals Service. (D.I. 12) To date, however, Defendant has not entered an appearance in this matter or filed a response. *See* Fed. R. Civ. P. 12(a)(1)(A). Despite this, Plaintiff has failed to seek entry of default in a manner consistent with the Federal Rules of Civil Procedure or undertaken any other attempt to prosecute this action.

Although courts grant *pro se* plaintiffs leniency in considering their filings, *pro se*

plaintiffs are nevertheless expected to "follow the rules of procedure and the substantive law[.]" Thompson v. Target Stores, 501 F. Supp. 2d 601, 603 (D. Del. 2007); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245, 58 V.I. 691 (3d Cir. 2013) (noting that "pro se litigants must . . . abide by the same rules that apply to all other litigants.").

A plaintiff fails to prosecute her case when she does not seek a default against a non-responsive defendant. See Park v. Ingersoll-Rand Co., 380 F. App'x 190 (3d Cir. 2010) (affirming district court's sua sponte dismissal for failure to prosecute when plaintiff did not seek default against non-responsive defendants). Pursuant to Federal Rule of Civil Procedure 41(b), and Local Rule 41.1, when a plaintiff fails to prosecute her case, it may be dismissed sua sponte. See Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962); Donnelly v. JohnsManville Sales Corp., 677 F.2d 339, 341 (3d Cir. 1982) ("The rule does not explicitly provide for sua sponte dismissals by the court, but we believed that it is broad enough to authorize such dismissals on the same basis as it authorizes dismissals upon motion of the defendant.").

Now therefore, IT IS HEREBY ORDERED that Plaintiff has shown cause why the case should not be dismissed at this time.

IT IS FURTHER ORDERED that Plaintiff must prosecute her case or otherwise show cause why it should not be dismissed for failure to prosecute, on or before June 30, 2023.

                                                                      */s/ Colm F. Connolly*
                                                                            Chief Judge