# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARBARA HUTT, | : |
| Plaintiff, | : |
| v. | : Civ. No. 21-1793-CFC |
| FORTUNOFF BACKYARD STORE, | : |
| Defendant. | : |

## MEMORANDUM ORDER

At Wilmington on this Fifth day of September in 2023;

1.  Plaintiff, who proceeds *pro se* and *in forma pauperis*, filed this action on December 22, 2021. (D.I. 2) On May 2, 2022, the case was dismissed without prejudice because Plaintiff had failed to return properly completed forms for service by the United States Marshal. (D.I. 8) On September 14, 2022, the Court granted Plaintiff's motion to reopen. (D.I. 10)

2.  On May 2, 2023, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1, because she had taken no action since November 22, 2022. (D.I. 13) Plaintiff responded and indicated that she had contacted the Clerk's office approximately a month prior, and she was informed that Clerk's office employees could not give her legal advice but that her case was pending and that she should give Defendant

time to respond. (D.I. 14) In a May 22, 2023 Memorandum Order, the Court concluded that Plaintiff had shown cause and the case would not be dismissed at that time. (D.I. 15)

3. In the same Memorandum and Order, the Court noted that Defendant appeared to have been served on February 14, 2023, by the United States Marshals Service (D.I. 12), that Defendant had not entered an appearance or filed a response, and that, despite this, Plaintiff had failed to seek entry of default in a manner consistent with the Federal Rules of Civil Procedure or undertaken any other attempt to prosecute this action. (D.I. 15) The Court noted that, despite the leniency afforded to *pro se* plaintiffs, they are expected to follow the rules of procedure and the substantive law, and that a plaintiff fails to prosecute her case when she does not seek a default against a non-responsive defendant. The Court warned that, pursuant to Federal Rule of Civil Procedure 41(b), and Local Rule 41.1, when a plaintiff fails to prosecute her case, it may be dismissed *sua sponte*. The Court then ordered Plaintiff to prosecute her case or otherwise show cause why it should not be dismissed for failure to prosecute.

4. Plaintiff filed a response, in which she noted that Defendant has not responded to her attempts to serve it, requested that the Court "[p]lease tell me what else I need to do to take action under the Federal Rules of Civil Procedure,"

and stated, "I look forward to hearing from the Court to advise me of other actions to take with this situation." (D.I. 16 at 1-2)

5. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

6. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019). The Court must balance the factors and need not find that all of them weigh against Plaintiffs to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

7.      Several factors warrant the sanction of dismissal.   The Court has given Plaintiff multiple opportunities to prosecute her case, and she has failed to do so, instead repeatedly seeking advice of the Court and Court staff.   As a *pro se* litigant, Plaintiff is solely responsible for prosecuting her claim.   *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992).   Advice on how to properly prosecute her case is beyond the role of the Court.   Plaintiff has failed to move the case forward, and dismissal is now appropriate.

Now therefore, IT IS HEREBY ORDERED that:

1.      The Complaint is **DISMISSED** without prejudice for Plaintiff's failure to prosecute this case.

2.      The Clerk of Court is directed to **CLOSE** the case.

/s/ Colm F. Connolly<br>
Chief Judge